**Elias Shumi SIRAG, Petitioner,**

v.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Alberto GONZALES,* Attorney General, Respondent.

No. 03-71156.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2005.**

Decided Sept. 19, 2005.

Steve Paek, Law Office of Steve Paek, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, DOJ— U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER and W. FLETCHER, Circuit Judges, and FOGEL, District Judge.***

MEMORANDUM ****

Petitioner Elias Shumi Sirag ("Sirag"), a native and citizen of Ethiopia, seeks review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the adverse decision of the immigration judge ("IJ"), which found that Petitioner failed to demonstrate eligibility for asylum, withholding of deportation or relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's adverse credibility finding, *see Marcos v. Gonzales,* 410 F.3d 1112, 1116 (9th Cir.2005), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination, which

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** Petitioner filed a waiver of oral argument on August 3, 2005; the panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was based in large part on significant discrepancies between Sirag's testimony and his written declaration. In particular, the IJ noted that Sirag's testimony concerning the circumstances of his arrest in 1994 differed substantially from his written declaration, and that his testimony regarding his political activities after entering the United States was directly contradicted by statements in his written declaration. Sirag failed to present evidence compelling a contrary conclusion. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003) (holding that when specific and cogent reasons are provided for an adverse credibility determination, the petitioner must show that the evidence compels a contrary conclusion). Accordingly, Sirag has failed to demonstrate error in the denial of asylum or withholding of removal. *See id.*

Sirag failed to exhaust administrative remedies with respect to his claim for relief under the CAT. While his notice of appeal filed with the BIA challenged the IJ's denial of asylum, withholding of removal, and relief under the CAT, his appellate brief focused solely upon asylum and withholding of removal and did not present any argument with respect to relief under the CAT. Accordingly, we lack jurisdiction to review the denial of relief under the CAT. *See* 8 U.S.C. § 1252(d)(1) (providing for judicial review of removal orders only if the alien has exhausted all administrative remedies).[1]

PETITION FOR REVIEW DENIED.

---

1. Even had Sirag exhausted administrative remedies, he would not be entitled to relief because his claim under the CAT is based upon the same testimonial and documentary evidence that the IJ determined to be not credible in connection with Sirag's asylum claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).